## Canewood Oil Company, et al. v. Cox.

(Decided February 6, 1925.)

### Appeal from Wolfe Circuit Court.

1.  Contract—Damages—One Suing for Breach of Contract has Burden of Proof.—One suing for damages for breach of contract by which he was employed to drill oil wells has burden of showing contract, its terms, his willingness, readiness, ability, and offer

to perform, and that he was unavoidably damaged by defendants' breach.

2.  Contracts—Evidence Held Insufficient to Establish Contract, Damages for Breach of which were Sought.—Evidence held insufficient to establish contract employing plaintiff to drill oil wells, damages for breach of which were sought.

RODNEY HAGGARD, C. F. SPENCER and CLEVELAND ALLEN for appellants.

LEEBURN ALLEN, G. B. STAMPER and S. MONROE NICKELL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Appellants are asking a reversal of a judgment for $1,120.00 obtained against them by appellee. Appellee began this action by suing for $3,720.00 damages because appellants did not allow him to drill two oil wells, which he claims he had a contract to drill for them. The burden was on him. In order to succeed, he had to establish the contract by proof. He had to establish the terms of the contract, his willingness, readiness, ability and offer to comply with it, the appellants' breach, and then he must show that he was unavoidably damaged thereby.

He failed to prove a contract. He tried to make one with appellants Clay and Neal, and they sent him to Thompson. He saw Thompson twice, and Thompson told him at the first meeting that he wanted to see Clay before making any contract. Appellee claims that the contract was made at the second meeting, but he was not permitted to give the conversation, as Thompson was dead at the time of the trial.

One witness testified that he heard Thompson admit to appellee that he owed appellee some shut-down time. Another testified that he heard Thompson say to appellee: "We made the contract with you all right." No one attempted to testify what the contract was which he claims Thompson made with him. The above is all the evidence there is in the record regarding the contract. There is not a word showing the price per foot Thompson agreed to pay, or the price per day he agreed to pay for shut-downs. There is no evidence of the profit, if any, there was to appellee in this contract. He does not show what his personal expenses would have been or what his board would have cost him. He failed to show that he

has not been repaid or recovered in any way the money he claims to have paid out.

The demurrer of the appellants to the evidence offered by appellee should have been sustained, and upon that motion the court should have found for them.

The judgment is reversed.